UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-23185-CV-WILLIAMS

RUN-TIGER, LLC,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED
LIABILITY COMPANIES, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS IDENTIFIED
ON SCHEDULE A TO THE COMPLAINT,

    Defendants.
_____/

# ORDER

**THIS MATTER** is before the Court on Magistrate Judge Lisette M. Reid's Report and Recommendation ("***Report***") (DE 43) on the Motion for Entry of a Preliminary Injunction (DE 8) ("***Motion***") filed by Plaintiff. No objections were filed to the Report, which recommends that the Court grant Plaintiff's Motion with respect to Defendants listed on Schedule A to the Report. (DE 43 at 2, 13–25.) Upon a careful review of the Report, the Motion, the record, and applicable law, it is **ORDERED AND ADJUDGED** that:

1. Judge Reid's Report (DE 43) is **AFFIRMED IN PART AND ADOPTED IN PART**.[1]

2. Plaintiff's Motion for Entry of a Preliminary Injunction (DE 8) is **GRANTED**, a preliminary injunction is entered in accordance with the terms of the Report,

---

[1] "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

and Plaintiff is required to comply with all recommendations set forth in the Report.

3. The preliminary injunction shall remain in effect during the pendency of this matter, or until such further dates as set by the Court or stipulated to by the Parties.

4. Judge Reid's recommendation to raise the bond amount—"The Court, in its own discretion, hereby increases the bond amount in this matter to twenty-five thousand dollars ($25,000.00). The Plaintiff is to file the outstanding amount, or fifteen thousand dollars ($15,000.00), with the Court" (DE 43 at 11–12)—is modified as follows:

> Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), the Court, in its own discretion, increases the bond amount in this matter to Two Hundred Thousand Dollars and Zero Cents ($200,000.00),[2] as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court.  In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.  The Court also reserves the right to reconsider whether a bond in the amount of $200,000.00 is sufficient for all Defendants.  **Failure to post the outstanding amount of the $200,000**

---

[2] According to Schedule A to the Report, the Preliminary Injunction applies to 163 Defendants.  (*See* DE 43 at 13–25.)  The Court finds that this bond amount is necessary to protect the Defendants from damages they may incur in the event that an injunction is improvidently issued.  Additionally, the Court reserves the right to address whether all Defendants are properly joined in this action.

**bond before November 1, 2023 at 5:00 p.m. shall result in the Court entering an order vacating the entry of the preliminary injunction.** *See, e.g.,* Order Granting in Part *Ex Parte* Application for Entry of Temporary Restraining Order, *David Yurman Enterprises LLC v. Individuals, Bus. Entities & Unincorporated Associations Identified on Schedule "A"*, No. 22-61967-CV (S.D. Fla. Oct. 26, 2022), ECF No. 11.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 30th day of October, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE